UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00735-AH-(MARx) | Date | January 27, 2026 |
| Title | *Bradley Sparks v. Select Portfolio Servicing et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court, having reviewed the Plaintiff's Complaint, Dkt. No. 1, is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's complaint alleges diversity jurisdiction but does not establish

the citizenship of either the Plaintiff or Defendant Select Portfolio Servicing, *see* Dkt. No. 1 ¶ 7 (stating "this Court has subject matter jurisdiction over the claims raised herein under diversity jurisdiction, pursuant to 28 USC 1332").  Plaintiff also fails to allege facts sufficient to demonstrate the amount in controversy.  *Id.*

Plaintiff is ORDERED TO SHOW CAUSE, in writing, by January 28, 2026, at 1:00 p.m., why this action should not be dismissed for lack of subject matter jurisdiction.  Any response shall be limited to ten (10) pages in length.  Defendant may also file an optional response by the same date and time.  Plaintiff's failure to respond timely and adequately to this Order shall result in denial of Plaintiff's Ex Parte Application for a Temporary Restraining Order and dismissal of the action without prejudice.

Plaintiff is ordered to immediately serve Defendant with a copy of this order.

**IT IS SO ORDERED.**